# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 14-15976

ARIZONA GREEN PARTY, and CLAUDIA ELLQUIST,

Plaintiffs-Appellants,

v.

KEN BENNETT, in his official capacity as Secretary of State of Arizona,

Defendant-Appellee.

Appeal from the United States District Court for the District of Arizona

Honorable Judge Neil V. Wake Presiding

District Court No. 2:14-CV-00375-NVW

**REPLY BRIEF OF PLAINTIFFS-APPELLANTS**

Robert E. Barnes (State Bar No. 235919)

601 South Figueroa Street, Suite 4050

Los Angeles, CA 90017

Tel: (310) 510-6211/ Fax: (310) 510-6225

E-mail: robertbarnes@barneslawllp.com

Counsel for Plaintiffs-Appellants

## TABLE OF CONTENTS

Page

ARGUMENT SUMMARY ................................................................................3

ARGUMENT .....................................................................................................4

A.     Primary Access Concerns Do Not Justify Complete Denial of Party Recognition When There is No Requirement That a Party Participate in the Primary. ....................................................................4

B.     There is No Higher Burden on Party Recognition than Candidate Recognition and Therefore the State Cannot Ignore Decades of Ballot Access Precedent. .........................................................................6

C.     Denial of Recognition is Itself Sufficient Proof that the Party Was Burdened by the Early Deadline. .........................................................7

CONCLUSION .................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                        **Pages**

*Williams v. Rhodes*, 393 U.S. 23, 35 (1968) ...........................................................5

*Socialist Labor Party v. Rhodes*, 318 F. Supp. 1262, 1273 (S.D. Ohio 1970) ......5

*Libertarian Party of Oklahoma v. Oklahoma State Election Bd.*,
593 F. Supp. 118, 124 (W.D. Okla. 1984) ............................................................5

*Libertarian Party of Nevada v. Swackhamer*,
638 F.Supp. 565 (D. Nev. 1986) ........................................................................5,6

*Libertarian Party of Ohio v. Brunner*,
567 F. Supp. 2d 1006, 1015 (S.D. Ohio 2008) ....................................................5

*Anderson v. Celebrezze*, 460 U.S. 780 (1983) .......................................................7

*Cripps v. Seneca County Bd. of Elections*,
629 F.Supp. 1335, 1338 (N.D.Ohio 1985) ...........................................................7

*Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008) ....................................................7

## ARGUMENT SUMMARY

Despite the State's best attempts to make it otherwise, this is not a case chiefly about primary access. The Arizona Green Party is not some fringe group trying to get a free ride on the taxpayer's dime. This is a case where a nationally recognized political party with an extensive and productive history in Arizona politics was denied official state recognition because of a burdensome early deadline, the likes of which courts across the nation have found unconstitutional.

First, there is no justification for complete denial of party recognition merely because of primary access concerns when there is no requirement that the Party participate in the primary. Secondly, decades of ballot access precedent cannot be ignored on the grounds of some special exception from those precedents for party recognition in nonpresidential years not directly related to a candidate. There is no good cause for, and the State does not assert any good reason for, imposing higher burdens on party recognition than candidate recognition. Finally, as the State admits, there is no "litmus test" for

3

measuring whether or not a state law severely burdens a political party. Likewise, there is no requirement that a party provide special evidence proving they were burdened by a state law, separate from denial of recognition and the ballot exclusion itself.

## ARGUMENT

**A.    Primary Access Concerns Do Not Justify Complete Denial of Party Recognition When There is No Requirement That a Party Participate in the Primary.**

The Arizona Green Party filed suit seeking declaratory and injunctive relief from the State's early petition deadline so that it could obtain official recognition as a political party in the State of Arizona. The Party did not merely seek access to the state's primary election, and the State has no reasonable objective in completely denying official recognition based solely on the primary schedule, when the Party can nominate by convention instead. Of note, and contrary to the State's assertion, the Party filed a supplemental authority detailing this argument that was accepted by the District Court, and therefore is appropriate here.

As noted in the Party's opening brief, various federal district courts have placed candidates on the ballot where ballot access deadlines were invalidated, either by party designation or by party convention nomination. The United States Supreme Court did so. *See Williams v. Rhodes*, 393 U.S. 23, 35 (1968). Fellow federal district courts have done so. *See Socialist Labor Party v. Rhodes*, 318 F. Supp. 1262, 1273 (S.D. Ohio 1970); *Libertarian Party of Oklahoma v. Oklahoma State Election Bd.*, 593 F. Supp. 118, 124 (W.D. Okla. 1984); *Libertarian Party of Nevada v. Swackhamer*, 638 F.Supp. 565 (D. Nev. 1986); *Libertarian Party of Ohio v. Brunner*, 567 F. Supp. 2d 1006, 1015 (S.D. Ohio 2008). What the State and the District Court failed to realize, despite the scores of precedent presented in the Party's brief, is that there is benefit to being an officially recognized political party, aside from primary access. The State's convoluted primary schedule alone is an insufficient reason to deny a nationally recognized political party official recognition in Arizona.

**B. There is No Higher Burden on Party Recognition than Candidate Recognition and Therefore the State Cannot Ignore Decades of Ballot Access Precedent.**

In it's answering brief the State declares that decades of federal court precedent are not relevant to the Court's analysis because they deal with candidates seeking recognition and ballot access during presidential election years as opposed to parties seeking recognition in nonpresidential years not directly related to a candidate. There is no good cause to impose higher burdens on party recognition than candidate recognition. No court has ever recognized such an exception. In fact, federal courts have applied the same standards to minor parties in nonpresidential elections as are applied to candidates in presidential election years. *See Libertarian Party of Nevada v. Swackhamer*, 638 F.Supp. 565 (D. Nev. 1986).

### C. Denial of Recognition is Itself Sufficient Proof that the Party Was Burdened by the Early Deadline.

The State asserts throughout its brief that the Party did not provide sufficient evidence to prove that it was severely burdened by the early deadline, however the State and the District Court ignored the one crucial fact at the heart of this case: Solely because of the early deadline, the Arizona Green Party, a nationally recognized party with extensive involvement in Arizona politics, is no longer officially recognized by the State of Arizona and was not put on the ballot. The multiple appellate and district court decisions, cited by the Party and ignored by the District Court, did not require any special "evidence" beyond the constitutional burdens stemming from exclusion from the ballot. *See Anderson v. Celebrezze, 460 U.S. 780 (1983); Cripps v. Seneca County Bd. of Elections, 629 F.Supp. 1335, 1338 (N.D.Ohio 1985); Nader v. Brewer, 531 F.3d 1028 (9th Cir. 2008)*. Indeed, in a judgment on the pleadings what more "evidence" could there be that would change the Court's analysis?

Further, the State contends that because the Party did not explicitly assert that the District Court erred, this Court should not consider any argument that "disturbs the district court's findings." The District Court never made any factual findings in this case. The District Court's judgment was a judgment on the pleadings, and the Party is challenging that judgment as a matter of law. The State's assertion here is bizarre and meritless.

### VII.  CONCLUSION

For the foregoing reasons, the Appellants respectfully request the Court to reverse in its entirety the Appellee's motion for summary judgment.

Dated this 21st day of November, 2014.

s/ Robert E. Barnes

Robert E. Barnes

*Counsel for Appellants*

# WORD COUNT CERTIFICATION PURSUANT TO NINTH CIRCUIT RULE 32-4.

Appellants certify that this brief complies with the length limits set forth at Ninth Circuit Rule 32-4. Appellants used Microsoft Word's word count feature to determine that this brief contains 1,119 words. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated this 21st day of November, 2014.

s/ Robert E. Barnes

Robert E. Barnes

*Counsel for Appellants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was sent to the following parties, by using the U.S.C.A. 9th Circuit's electronic filing procedures.

**Michele Lee Forney**
Office of the
Attorney General
1275 W
Washington St.
Phoenix, AZ 85007-2926
602-542-7684
Fax: 602-542-8308
Email: michele.forney@azag.gov

Dated this 21st day of November, 2014.

s/ Robert E. Barnes

Robert E. Barnes

*Counsel for Appellants*
